UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CLARENCE ALLEN,

    Petitioner,

v.    Case No. 3:15-cv-868-J-32JBT

SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS, et al.,

    Respondents.
_____

## ORDER

### I. Status

Petitioner, an inmate of the Florida penal system, initiated this case by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1) (Petition). On October 25, 2011, after pleading nolo contendere to DUI manslaughter, DUI resulting in serious bodily injury, and DUI with injury or property damage, Petitioner was sentenced to fifteen years imprisonment to be followed by five years of probation. He challenges his judgment of conviction (Baker County) by raising four claims of ineffective assistance of trial counsel. Respondents filed an Amended Answer (Doc. 22) with exhibits (Docs. 22-1 through 22-5) (Ex.). Petitioner filed a Reply (Doc. 26). This case is ripe for review.[1]

---

[1] "In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing." Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318 (11th Cir. 2016) (citing Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011)). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The pertinent facts of this case are fully developed in the record

## II. Governing Legal Principles

**A. Standard of Review**

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs a state prisoner's federal habeas corpus petition. See Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), cert. denied, 137 S. Ct. 1432 (2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" Id. (quoting Greene v. Fisher, 565 U.S. 34, 38 (2011)).

The first task of the federal habeas court is to identify the last state court decision, if any, that adjudicated the petitioner's claims on the merits. See Marshall v. Sec'y, Fla. Dep't of Corr., 828 F.3d 1277, 1285 (11th Cir. 2016). The state court need not issue an opinion explaining its rationale in order for the state court's decision to qualify as an adjudication on the merits. See Harrington v. Richter, 562 U.S. 86, 100 (2011). Where the state court's adjudication on the merits is unaccompanied by an explanation,

> the federal court should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning. But the State may rebut the presumption by showing that the unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision, such as alternative grounds for affirmance that were briefed or argued to the state supreme court or obvious in the record it reviewed.

Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018).

---

before the Court, and "further factual development" is not necessary. Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003). Thus, an evidentiary hearing will not be conducted.

When a state court has adjudicated a petitioner's claims on the merits, a federal court cannot grant habeas relief unless the state court's adjudication of the claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(1), (2). A state court's factual findings are "presumed to be correct" unless rebutted "by clear and convincing evidence." Id. § 2254(e)(1).

> AEDPA "imposes a highly deferential standard for evaluating state court rulings" and "demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766, 773 (2010) (internal quotation marks omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (internal quotation marks omitted). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. [at 102] (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)). The Supreme Court has repeatedly instructed lower federal courts that an unreasonable application of law requires more than mere error or even clear error. See, e.g., Mitchell v. Esparza, 540 U.S. 12, 18 (2003); Lockyer, 538 U.S. at 75 ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."); Williams v. Taylor, 529 U.S. 362, 410 (2000) ("[A]n unreasonable application of federal law is different from an incorrect application of federal law.").

Bishop v. Warden, GDCP, 726 F.3d 1243, 1253-54 (11th Cir. 2013) (internal citations modified).

**B. Ineffective Assistance of Counsel**

"The Sixth Amendment guarantees criminal defendants the effective assistance of counsel. That right is denied when a defense attorney's performance falls below an objective

3

standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citing Wiggins v. Smith, 539 U.S. 510, 521 (2003); Strickland v. Washington, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [Strickland,] 466 U.S. at 688. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. Id. at 689. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687.[]
>
> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687.

Richter, 562 U.S. at 104; Marshall, 828 F.3d at 1284 (recognizing that to proceed on a claim of ineffective assistance of trial counsel, "the petitioner has to show both that his counsel's performance was deficient and that that deficient performance was prejudicial—that is, that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" (quoting Strickland, 466 U.S. at 687, 694)). Since both prongs of the two-part Strickland "test must be satisfied to show a Sixth Amendment violation, a court need not address the performance prong if the petitioner

4

cannot meet the prejudice prong, and vice-versa." Ward v. Hall, 592 F.3d 1144, 1163 (11th Cir. 2010) (citing Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000)).

The Strickland test also applies to challenges to guilty pleas. "'[C]ounsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial.'" Stano v. Dugger, 921 F.2d 1125, 1151 (11th Cir. 1991) (quoting Wofford v. Wainwright, 748 F.2d 1505, 1508 (11th Cir.1984) (per curiam)). "An attorney's responsibility is to investigate and to evaluate his client's options in the course of the subject legal proceedings and then to advise the client as to the merits of each." Id. The prejudice prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, . . . to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lynch v. Sec'y, Fla. Dep't of Corr., 776 F.3d 1209, 1218 (11th Cir. 2015).

"'The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so.'" Marshall, 828 F.3d at 1285 (quoting Overstreet v. Warden, 811 F.3d 1283, 1287 (11th Cir. 2016)).

> "The question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether that determination was unreasonable - a substantially higher threshold." Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (quotation marks omitted). If there is "any reasonable argument that counsel satisfied Strickland's

5

> deferential standard," then a federal court may not disturb a
> state-court decision denying the claim. Richter, 562 U.S. at 86.

Hittson v. GDCP Warden, 759 F.3d 1210, 1248 (11th Cir. 2014); see Knowles v. Mirzayance, 556 U.S. 111, 123 (2009).

## III. Analysis

### A. Ground One

Petitioner argues that his trial counsel was ineffective for failing to investigate and challenge the cause of the child's death. See Petition at 5. Petitioner raised this claim in his Rule 3.850 motion. See Ex. B at 12-14. The state circuit court denied the claim:

> Defendant alleges that trial counsel was ineffective for failing to challenge the cause of the infant victim's death. During the plea colloquy, Defendant indicated that he was satisfied with counsel's advice and representation, as well as his decision to enter the plea. Defendant did not express any concern regarding counsel's representation, or the plea itself, at that time. "[Defendant] cannot now assert that at the time of the plea's entry he had serious doubts about his attorney's effectiveness." Davis v. State, 930 So.2d 555, 557 (Fla. 1st DCA 2006) ("An appellant is not entitled to go behind sworn representations made to the court in a postconviction proceeding."). Accordingly, the claim raised is without merit.
>
> This Court additionally notes that by entering his plea Defendant admitted to the facts as alleged by the State. He cannot now challenge the sufficiency of the evidence supporting those facts. Because the facts alleged by the State supported the existence of the charged offenses, there was an adequate factual basis for charges. In addition, Defendant does not raise any factual matter of which he was unaware prior to entering his plea. Accordingly, the claim raised is without merit.

6

Ex. B at 21 (some citations omitted). Petitioner appealed, and the First District Court of Appeal (DCA) per curiam affirmed the denial of postconviction relief without issuing a written opinion. Ex. D.

Upon review of the record, this Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. He is not entitled to relief on Ground One.

Even assuming the state court's adjudication of this claim is not entitled to deference, the claim is without merit.

> DUI manslaughter requires proof that a defendant operated a vehicle while impaired within the meaning of section 316.193(1), Florida Statutes (2013), and, "by reason of such operation, cause[d] *or contribute[d]* to causing ... [t]he death of any human being . . . ." § 316.193(3)(c)3.a., Fla. Stat. (2013) (emphasis added). "[T]he fact that someone is intoxicated and drives a particular vehicle which causes another person's death should be enough to satisfy the elements of DUI manslaughter." State v. Hubbard, 751 So.2d 552, 563 (Fla. 1999). "The causation element of the amended statute was interpreted by [the Florida Supreme Court] in [Magaw v. State, 537 So.2d 564, 567 (Fla. 1989),] as *not requiring* that the conduct of the operator of the vehicle be the *sole* cause." Hubbard, 751 So.2d at 564 (emphasis in original). "The statute requires only that the operation of the vehicle should have caused the accident. Therefore, any deviation or lack of care on the part of a driver under the influence to which the fatal accident can be attributed will suffice." Magaw, 537 So.2d at 567.

Pryear v. State, No. 1D17-3330, 2018 WL 1096037, at *5 (Fla. 1st DCA Feb. 28, 2018) (unpublished) (motion for rehearing denied; mandate not yet issued); see also Frazier v.

7

State, 559 So. 2d 1121, 1122 n.2 (Fla. 1990) (finding meritless a petitioner's "claim that the trial court erred in not instructing the jury that the victim's not wearing a seatbelt constituted a defense to the charge"); Magaw v. State, 537 So. 2d 564, 567 (Fla. 1989) ("[T]he statute does not say that the operator of the vehicle must be the sole cause of the fatal accident."). After the state provided a factual basis at the plea colloquy, Petitioner's counsel stated:

> Judge, and just to make sure the facts - - record's clear so Mr. Allen understands, I think the facts would indicate that it's alleged Mr. Allen was driving eastbound in a westbound lane of I-10 and collided with Mr. Foster's[1] vehicle. There was some debate early on that Mr. Foster may himself have been impaired. The Court may recall he had an attorney that litigated this issue for some time.
>
> . . . .
>
> When we got the medical records from Mr. Foster, they apparently had not made a test to Mr. Foster's blood for any drugs; we had no way to go back and look. We then deposed Mr. Foster and he indicated he had not, and there were some witnesses that may have indicated he may have had something to drink back in Jacksonville, but he denied that, and that's one of the factors; so one of the issues is that.
>
> The other issue is blood alcohol testing. The way the state charges the case they claim that he [(Mr. Allen)] had a blood alcohol level, however even if that - - they couldn't get that in evidence, they had witnesses that would testify, I'm not saying it's true, that Mr. Allen smelled of alcohol. And of course, the driving pattern would be something the state would show and argue indicated that. And that's kind of how we got to the resolution we did.
>
> The last issue is, just for the record, there was a debate about whether or not the victim's injuries were serious in nature. And I explained this to Mr. Allen, and I explained that he may have a defensible case on that. And that's one of the

---

[1] Calvin Foster was driving the other vehicle.

> reasons the state dropped one charge and agreed to the lower
> - - the lower sentence.

Ex. B at 66-67. There is no dispute that the infant-victim was pronounced dead at the scene. Petitioner has failed to show that his counsel was deficient in the manner he suggests. Nor has he shown resulting prejudice. Therefore, Ground One is denied.

### B. Ground Two

Petitioner argues that trial counsel was ineffective for failing to file any pretrial motions regarding double jeopardy, the victim-driver's impairment at the time of the accident, and prosecutorial vindictiveness. See Petition at 6. He further argues that his counsel failed to provide him with any discovery or other documents pertaining to his case, which forced Petitioner into taking the plea out of "fear." Id. Petitioner raised a similar claim in his Rule 3.850 motion.[2] See Ex. B at 14-16. The state circuit court denied the claim:

> Defendant alleges that trial counsel was ineffective for failing to file any pretrial motions. During the plea colloquy, Defendant indicated that he was satisfied with counsel's advice and representation, as well as his decision to enter the plea. Defendant did not express any concern regarding counsel's representation, or the plea itself, at that time. "[Defendant] cannot now assert that at the time of the plea's entry he had serious doubts about his attorney's effectiveness." Davis v. State, 930 So.2d 555, 557 (Fla. 1st DCA 2006) ("An appellant is not entitled to go behind sworn representations made to the court in a postconviction proceeding."). Accordingly, the claim raised is without merit.

---

[2] Insofar as Petitioner is attempting to raise a different claim here than he did in state court, the new claim is procedurally barred on federal habeas review. Petitioner has not shown either cause excusing the default or actual prejudice resulting from the bar. He also has failed to identify any fact that would warrant the application of the fundamental miscarriage of justice exception. Thus, any claim raised for the first time here is not further addressed.

This Court additionally notes that the pretrial motions which Defendant argues his counsel should have filed would have been denied. First, "[d]ouble jeopardy concerns require only that the trial judge filter out multiple punishments at the end of the trial, not at the beginning." Claps v. State, 971 So. 2d 131, 134 (Fla. 2d DCA 2007); see also State v. Sholl, 18 So. 3d 1158, 1162 (Fla. 1st DCA 2009). "The Double Jeopardy Clauses of the United States and Florida Constitutions provide a defendant with a shield from punishment; conversely, they do not provide a defendant with a sword to wield against the State's executive decisions." Claps, 971 So.2d at 135; see also Ohio v. Johnson, 467 U.S. 493, 502 (1984) (observing that a defendant "should not be entitled to use the Double Jeopardy Clause as a sword to prevent the State from completing its prosecution" on remaining charges after being found guilty of other related offenses). "To this end, double jeopardy protections may not be extended to an earlier stage of the proceeding, such as the filing of the information or jury selection." Sholl, 18 So.3d at 1162. "Otherwise, the trial court would be 'usurping the State's discretion to make strategic decisions about charging alleged criminal activity.'" Id. (quoting Claps, 971 So.2d at 134-35). For this reason, Defendant's double jeopardy argument would have been premature and an improper basis for dismissal.

Second, contrary to Defendant's claim otherwise, victim Calvin Foster's purported impairment at the time of the collision was raised by the parties pretrial.

Finally, as to Defendant's claim that counsel should have filed a motion based on prosecutorial vindictiveness, as the Second District Court of Appeal noted in State vs. Phillips,

> The criminal justice system is punitive by its very nature. It is the state attorney's duty, when probable cause exists, to fully prosecute those engaged in criminal activity. It is likewise within the state attorney's discretion to prosecute less than fully when, in his determination, the ends of justice will be served. It is not the role of the courts to second-guess that decision-making process.

> 642 So.2d 18, 19-20 (Fla. 2d DCA 1994). "For just as a prosecutor may forgo legitimate charges already brought in an effort to save the time and expense of trial, a prosecutor may file additional charges if an initial expectation that a defendant would plead guilty to lesser charges proves unfounded." United States v. Goodwin, 457 U.S. 368, 378 (1982). That is exactly what occurred in this case. The initial plea offer clearly expressed an intent to settle for less than the full charges in return for an early plea and a sentence of 15 years imprisonment followed by 5 years probation. The consequences of refusing to accept that offer were also succinctly stated and within the prosecutor's discretion to pursue. Thus, Defendant fails to show . . . any evidence of prosecutorial vindictiveness. Accordingly, the claim raised is without merit.

Ex. B at 21-24 (some citations modified or omitted). Petitioner appealed, and the First DCA per curiam affirmed the denial of postconviction relief without issuing a written opinion. Ex. D.

Upon review of the record, this Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Petitioner is not entitled to federal habeas relief on this ground.

Even assuming the state court's adjudication of this claim is not entitled to deference, the claim is without merit. Florida courts have interpreted the DUI statute as permitting multiple convictions based on multiple deaths or injuries arising from a single DUI incident. See Bautista v. State, 863 So. 2d 1180, 1187 (Fla. 2003) ("Any reasonable consideration of the language of the statute, the history of its enactment, the uniform statutory treatment of manslaughter offenses, and the case law in existence makes it clear that the legislative intent is that each death caused in a DUI crash is to be charged and punished as a separate

offense."); Melbourne v. State, 679 So. 2d 759, 765 (Fla. 1996) ("[M]ultiple convictions can arise from a single violation of the DUI statute where injury results to several persons."). During the plea colloquy, the prosecutor provided a factual basis on the record, and Petitioner's counsel outlined the facts and the issues that led to plea. Ex. B at 59-60, 64-68. This included a discussion of the victim-driver's alleged impairment. Id. at 66. Petitioner's assertion of prosecutorial vindictiveness is conclusory and unsupported. Petitioner has failed to show either deficient performance or resulting prejudice. Therefore, Ground Two is denied.

### C. Ground Three

Petitioner argues that his trial counsel was ineffective for failing to investigate the victim-driver (Calvin Foster). See Petition at 8. He claims that counsel should have investigated the evidence that the victim-driver was under the influence of alcohol at the time of the accident. Id. Petitioner raised this claim in his Rule 3.850 motion. See Ex. B at 16. The state circuit court denied the claim as "conclusively refuted by the record." Id. at 24. Petitioner appealed, and the First DCA per curiam affirmed the denial of postconviction relief without issuing a written opinion. Ex. D.

Upon review of the record, this Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Petitioner is not entitled to relief on this ground.

Even assuming the state court's adjudication of this claim is not entitled to deference, the claim is without merit. Petitioner has failed to show either deficient performance or resulting prejudice. Therefore, Ground Three is denied.

**D. Ground Four**

Petitioner asserts that his trial counsel was ineffective for failing to challenging his convictions on the basis of double jeopardy before he entered his plea. See Petition at 9. Petitioner raised this claim in his Rule 3.850 motion, see Ex. B at 16-17, and the state court denied it as having no merit. Id. at 24 (citing Melbourne, 679 So.2d at 765 and State v. Miller, 700 So.2d 1253 (Fla. 1st DCA 1997)). Petitioner appealed, and the First DCA per curiam affirmed the denial of postconviction relief without issuing a written opinion. Ex. D.

Upon review of the record, this Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Petitioner is not entitled to relief on this ground.

Even assuming the state court's adjudication of this claim is not entitled to deference, the claim is without merit. Petitioner has shown neither deficient performance nor resulting prejudice. Ground Four is denied.

Accordingly, it is

**ORDERED**:

1. The Petition (Doc. 1) is **DENIED**, and this case is **DISMISSED with prejudice**.

2. The Clerk shall enter judgment denying the Petition and dismissing this case with prejudice. The Clerk shall thereafter close the file.

3. If Petitioner appeals, the Court denies a certificate of appealability.[3] The Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** in Jacksonville, Florida, this 29th day of May, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

JAX-3 5/18
c:
Clarence Allen, #837814
Counsel of Record

---

[3] This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), "or that the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting Slack, 529 U.S. at 484). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. However, "[w]hen the district court denies a habeas petition on procedural grounds . . . a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.